# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>    Plaintiff,<br><br>v.<br><br>P. CHAVEZ, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv-00250-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING REQUEST FOR INJUNCTIVE RELIEF<br><br>(Doc. 14)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

### I. Procedural History

Plaintiff George K. Colbert ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from events that occurred while Plaintiff was at the California Correctional Institute at Tehachapi, California. (Doc. 1). Plaintiff is currently housed at California State Prison, Sacramento, in Represa, California. (Doc. 13). On January 18, 2011, Plaintiff filed a motion for injunctive relief to provide emergency medical treatment to prevent Plaintiff from becoming paralyzed. (Doc. 14).

### II. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

in the public interest." *Id*. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation omitted)(emphasis added). The Ninth Circuit has made clear that "[T]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1985). The claims in this action arise from Plaintiff's past conditions of confinement at the California Correctional Institution in Tehachapi and the court does not have jurisdiction in this action over prison officials at California State Prison, Sacramento. Thus, the court cannot issue an order remedying Plaintiff's current conditions of confinement there. *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

Plaintiff has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motion, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). As the moving party, it is Plaintiff who bears the burden. Plaintiff's vague and conclusory allegations in his motion for injunctive relief does not meet Plaintiff's burden to prevail on a motion for preliminary injunctive relief.

///

///

2

### III. Conclusion and Reccomendations

Therefore, the court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed January 18, 2011, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   July 30, 2011

UNITED STATES MAGISTRATE JUDGE