# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>       Plaintiff,<br><br>   v.<br><br>P. CHAVEZ, et al.,<br><br>       Defendants. | Case No. 1:10-cv-00250-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>[ECF No. 28] |

Plaintiff George K. Colbert is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## PROCEDURAL HISTORY

This action is proceeding against Defendants Chavez, Doucan, Lindsey, Emard, Flores, Ramirez, and Farnsworth for excessive force in violation of the Eighth amendment, and against Defendants Chavez, Doucan, Lindsey, Emard, Flores, and Ramirez for retaliation in violation of the First Amendment.

Now pending before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status filed on December 12, 2013.[1]  Plaintiff did not filed a response.

---

[1] Defendant Doucan has yet to be served and has not made an appearance in the action.

1

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011); Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). Pursuant to the PLRA, the in forma pauperis statute was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S. C. § 1915(g).

In seeking the revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). If Defendants meet their initial burden, Plaintiff must then demonstrate the dismissals should not count as strikes. Andrews, 398 F.3d at 1120.

## III.

## DISCUSSION

Defendants argue that Plaintiff has had at least three dismissals which count as strikes under section 1915(g) and they have submitted the relevant court records for three cases, and the Court grants judicial notice of such documents.[2] Andrews, 493 F.3d at 1120. Defendants cite the following three cases which they contend constitute "strikes" under § 1915(g):

///

---

[2] The Court may take judicial notice of court records in other cases, and Defendants' request for judicial notice of these records is granted. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Colbert v. Carrasco, Case No. 1:09-cv-01045-OWW-SMS (E.D. Cal. June 15, 2009) (case terminated on August 31, 2009, following Order dismissing petition for writ of habeas corpus for failure to state a claim that would entitle Petitioner to relief).

Colbert v. Carrasco, Case No. 1:09-cv-01836 (E.D. Cal. Oct. 20, 2009) (case terminated on Oct. 1, 2010, following Order dismissing the action for failure to exhaust the state judicial remedies and for failure to state a claim).

Colbert v. Sandam, et. a., Case No. 2:01-cv-01327-LKK-GGH (E.D. Cal. July 9, 2001) (case terminated on Sept. 20, 2004, following Order granting Defendants' motion for summary judgment and Order denying Plaintiff's request for injunctive relief for failure to demonstrate the existence of a significant threat of irreparable injury).

**A.     Dismissal of Petitions for Writs of Habeas Corpus**

The Ninth Circuit has held that "dismissed habeas petitions do not count as strikes under § 1915(g)." Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). However, the court also noted the following:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

Andrews, 398 F.3d at 1123, n.12.

In Case Number 1:09-cv-01045-OWW-SMS (HC), the petition was dismissed because Plaintiff challenged the conditions of his confinement, not the fact or duration of that confinement.  In Case Number 1:09-cv-01836-AWI-DLB (HC), the petition was dismissed because Plaintiff failed to exhaust the state judicial remedies and for failure to state a cognizable claim under § 2254 because he "a favorable decision regarding the disciplinary action would have no effect on the duration of Petitioner's confinement."  (ECF NO. 13, at 5.)  Here, it is not clear from the record that Plaintiff filed the habeas corpus petitions challenging his conditions of confinement simply to avoid the penalties imposed by § 1915(g), nor do Defendants advance such argument.  Rather, in both cases, the court dismissed the petitions for failure to state a cognizable

claim, and in Case Number 1:09-cv-01045-OWW-SMS (HC), Plaintiff was advised if he wished to pursue his claims, he could do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  Further, in Case Number 1:09-cv-01836-AWI-DLB (HC), the petition was also dismissed for failure to exhaust the state judicial remedies.  Thus, the Court does not find that these habeas petitions constitute a strike under section 1915(g).

### B.   Grant of Defendants' Motion for Summary Judgment

In Case Number 2:01-cv-01327-LKK-GGH, the district court granted summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in favor of all Defendants. Defendants have failed to meet their burden to demonstrate that this case qualifies as a strike under § 1915(g).  A case resolved by way of summary judgment does not fall within the plain language of section 1915(g) as it is not equivalent to a dismissal on the grounds that an action is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  See Barela v. Variz, 36 F.Supp.2d 1254, 1259 (S.D. Cal. 1999) (declining to find that actions resolved by way of summary judgment qualified a strikes); Hardney v. Lamarque, No. CIV S-04-0476 RRB KJM P, 2007 WL 2225996, *2 (E. D. Cal.) (same), Report and Recommendation adopted, 2007 WL 2902913 (2007).  Defendants cite no authority which suggests that cases resolved by way of summary judgment qualify as strikes.  Accordingly, the grant of summary judgment in favor of defendants does not qualify as a dismissal predicated on the failure to state a claim for purposes of section 1915(g).[3]

## IV.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[3] Because Defendants fail to show that Plaintiff has accumulated three prior strikes, the court need not and does not address whether Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

4

Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 27, 2014**

UNITED STATES MAGISTRATE JUDGE