# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE K. COLBERT, | ) | Case No.: 1:10-cv-00250-AWI-SAB (PC) |
| Plaintiff, | ) ) ) | ORDER DISMISSING DEFENDANT DOUCAN FROM ACTION PURSUANT TO RULE 4(M) |
| v. | ) ) | [ECF No. 36] |
| P. CHAVEZ, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff George K. Colbert is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Chavez, Doucan, Lindsey, Emard, Flores, Razmirez, and Farnsworth for excessive force in violation of the Eighth Amendment, and against Defendants Chavez, Doucan, Lindsey, Emard, Flores, and Ramirez for retaliation in violation of the First Amendment.

On December 23, 2013, the United States Marshal returned the summons executed as to Defendant Doucan with a notation that the California Department of Corrections and Rehabilitation has been unable to identify and locate Defendant Doucan.

On January 24, 2014, the Court ordered Plaintiff to show cause why Defendant Doucan should not be dismissed from the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff filed a response on March 31, 2014.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the

1

Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  Walker, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

In response to the order to show cause, Plaintiff contends, without explanation, that discovery is necessary to ascertain the identity of Defendant Doucan.  It is clear in the complaint and the Court's screening order that Plaintiff named Sergeant Doucan as a defendant in this action, and Plaintiff fails to explain why discovery is necessary to ascertain the identity of Defendant Doucan as identified in his complaint.  The mere fact that the CDCR is unable to identify and/or locate Defendant Doucan does not equate to the wrong identity of this Defendant.  Plaintiff has failed to show cause why Defendant Doucan should not be dismissed from the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that Defendant Doucan is DISMISSED from this case pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   April 18, 2014      _____

SENIOR  DISTRICT  JUDGE