UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>  Plaintiff,<br><br>  v.<br><br>P. CHAVEZ, et al.,<br><br>  Defendants. | Case No.: 1:10-cv-00250-DAD-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 86] |

Plaintiff George K. Colbert is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for the appointment of counsel, filed July 7, 2016. (ECF No. 86.) There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

1  merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
2  legal issues involved." Id. (internal quotation marks and citations omitted).

3        In the present case, the Court finds that neither the interests of justice nor exceptional
4  circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th
5  Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). While counsel may be able to
6  cross-examine witnesses at trial, so long as a pro se litigant, like Plaintiff in this case, is able to
7  "articulate his claims against the relative complexity of the matter," the "exceptional circumstances"
8  which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no
9  abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel
10 despite fact that pro se prisoner "may well have fared better-particular in the realms of discovery and
11 the security of expert testimony.") Indeed, any pro se litigant "would be better served with the
12 assistance of counsel." Id.

13       In the present case, the Court finds that neither the interests of justice nor exceptional
14 circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th
15 Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding against
16 Defendants Ramirez and Flores for excessive force and retaliation and against Defendant Farnsworth
17 for failure to protect, and Plaintiff has demonstrated an ability to articulate the factual and legal basis
18 for his arguments and has effectively litigated this case to date. While a pro se litigant may be better
19 served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is
20 able to "articulate his claims against the relative complexity of the matter," the "exceptional
21 circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113
22 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied
23 appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the
24 realm of discovery and the securing of expert testimony.") In addition, circumstances common to
25 most prisoners, such as lack of legal education and limited law library access, do not establish
26 exceptional circumstances that would warrant a request for voluntary assistance of counsel. Based on
27 the information presently before the Court, it is apparent that Plaintiff has the competence necessary to
28 pursue this case to trial. Thus, the Court finds that Plaintiff's arguments do not present exceptional

circumstances warranting the appointment of counsel at this time.  Accordingly, Plaintiff second motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **July 11, 2016**

UNITED STATES MAGISTRATE JUDGE