UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>  Plaintiff,<br><br>  v.<br><br>P. CHAVEZ, et al.,<br><br>  Defendants. | Case No.: 1:10-cv-00250-DAD-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S THIRD MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>[ECF No. 91] |

   Plaintiff George K. Colbert is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

   Currently before the Court is Plaintiff's third motion for the appointment of counsel, filed September 15, 2016.  (ECF No. 86.)  There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

   Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). While counsel may be able to cross-examine witnesses at trial, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particular in the realms of discovery and the security of expert testimony.") Indeed, any pro se litigant "would be better served with the assistance of counsel." Id.

In the present case, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding against Defendants Chavez, Lindsey, Emard and Ramirez Flores for excessive force and retaliation and against Defendant Farnsworth for failure to protect, and Plaintiff has demonstrated an ability to articulate the factual and legal basis for his arguments and has effectively litigated this case to date. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") In addition, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Based on the information presently before the Court, it is apparent that Plaintiff has the competence necessary to pursue this case to trial. Thus, the Court finds that Plaintiff's

arguments do not present exceptional circumstances warranting the appointment of counsel at this time.  Accordingly, Plaintiff third motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:     **September 16, 2016**

UNITED STATES MAGISTRATE JUDGE